**Benjamin PEZZILLO, Plaintiff–Appellant,**

v.

**Donald L. EVANS, Secretary, Department of Commerce, Defendant–Appellee.**

No. 03–56277.

D.C. No. CV–02–5986–ABC (Ctx).

United States Court of Appeals, Ninth Circuit.

Submitted May 2, 2005.*

Decided May 12, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.

R.App. P. 34(a)(2).

Joseph M. Lovretovich, Law Offices of Joseph M. Lovretovich, Woodland Hills, CA, for Plaintiff–Appellant.

Frank M. Travieso, USLA—Office of the U.S. Attorney Civil & Tax Divisions, Los Angeles, CA, for Defendant–Appellee.

Before O'SCANNLAIN and WARDLAW, Circuit Judges, and LOVELL, District Judge.**

MEMORANDUM***

Benjamin Pezzillo ("Appellant") appeals the district court's grant of a motion to dismiss his employment discrimination action against Donald L. Evans, Secretary of the Department of Commerce, for failure to exhaust his administrative remedies with the Equal Employment Opportunity Commission.

Appellant failed to abide by 29 C.F.R. § 1614.504(c), which requires that "[a]llegations that subsequent acts of discrimination violate a settlement agreement ... be processed as separate complaints under § 1614.106 ..., rather than under this section." Appellant failed to satisfy the precomplaint administrative exhaustion requirements of § 1614.106 and § 1614.105. Appellant's November 2001 Equal Employment Opportunity (EEO) complaint is not reasonably related to his 2000 EEO complaint because the allegations of the two complaints are distinctly different and involve different groups of personnel at different points in time; likewise, an allegation of breach of settlement agreement

does not necessarily arise out of an original allegation of discrimination by wrongful termination. Appellant's mere allegation of breach of settlement agreement fails to substantially comply with the presentment requirements of § 1614.105 and § 1614.106.

**AFFIRMED.**

** The Honorable Charles C. Lovell, Senior United States District Judge for the District of Montana, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.